IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CASE NO. 4:20-CR-692 |
| MARIO HERRERA | § § | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RETURN OF PROPERTY**

TO THE HONORABLE LEE H. ROSENTHAL:

Now comes, MARIO HERRERA, defendant, appearing herein through undersigned counsel, and respectfully provides this memorandum in support of his motion for return of property.

**FACTS**

On November 4, 2019 Deputy M. C. Hunt and other deputies with the Galveston County Sheriff's Department detained Mario Herrera at a Raceway Gas Station in Galveston, Texas to execute two outstanding out of county state warrants for simple possession of marijuana[1]. At the time of his arrest for the outstanding warrants, Mr.

---

[1] Mario Herrera was charged on July 4, 2019, with the State Jail felony offense of Possession of Marijuana, more than 4 ounces but less than 5 pounds in Victoria, Texas after a traffic conducted by the Texas Department of Public Safety. Charges were ultimately rejected by the District Attorney's Office.

On July 10, 2019, Mario Herrera was arrested with the Class B misdemeanor offense of Possession of Marijuana, less than 2 ounces, in Dewitt County after a traffic stop conducted by the Cuero Police Department. Charges were filed on September 9, 2019 and surety bond was posted on September 23, 2019. Ultimately the case dismissed on July 24, 2020, after Mr. Herrera successfully completed a six-month pre-trial diversion.

1

Herrera had just sat down in the driver's seat of his automobile after making a purchase inside of the gas station. Officer Murphy, assisting with the warrant execution, reported that Mr. Herrera's passenger, Ricky Jingles Jr., was found to be holding a handgun. Mr. Jingles was charged with the misdemeanor offense of unlawfully carrying a weapon, after claiming ownership of the weapon. Mario Herrera was charged with the felony offense of unlawful possession of a firearm by a felon, for the very same weapon. Mr. Herrera was also charged with the Class B misdemeanor offense of Possession of Marijuana, less than 2 ounces, after Deputy Hunt discovered a small amount of marijuana in his pants' pocket. Mr. Herrera posted bond the same day and has been going to court for the felony charge for over a year in Galveston County. The case is still pending today.

Over a year later and days before Christmas, on December 22, 2020, Deputy Hunt and other state and federal agents conducted a dual traffic stop of Mario Herrera and his wife, driving two separate cars, to execute a federal arrest warrant. Unbeknownst to Mr. Herrera, he had been indicted a week earlier in a single count indictment for the offense of Felon in Possession of a Firearm alleged to have occurred on November 4, 2019, in Galveston County. A search of Mr. Herrera pursuant to arrest resulted in the discovery of a few grams of marijuana. At the time of the arrest, Deputy Hunt and other state and federal agents unlawfully seized all of Mr. Herrera's jewelry, which he was wearing, his sunglasses and approximately $3,000 in cash from his front

pocket. After getting consent, Deputy Hunt and other agents searched the home of Mr. and Mrs. Herrera and continued their unlawful seizure of Mr. and Mrs. Herrera's property by seizing approximately $57,000 in cash from a safe.[2] Nowhere near the U.S. Currency at the house, agents discovered a small bag with a few grams of marijuana.

Other than some ammunition, which was returned to Mrs. Herrera, no other evidence was seized. For instance, Deputy Hunt and his warrant team, assisted by ATF Special Agent John McDonald, did not locate large quantities of narcotics, scales, packaging materials, cut material, drug ledgers, money counters or anything of the like. There was nothing seized that would suggest that the United States currency and jewelry were evidence of a crime or the fruits of the crime. The United States Currency, organized neatly in a safe, was in large denominations, just how Mr. Herrera received it after providing services as an up-and-coming rap artist. Agents failed to seize the stack of "paid" invoices Mr. Herrera had in plain view documenting over $100,000 in payments for services as an artist.[3] Agents drove off in Mr. Herrera's car, for no

---

[2] Deputy Hunt failed to provide a detailed, itemized inventory of the unlawfully seized United States Currency and jewelry. Therefore, the amounts are approximate.

[3] Should the Court grant a hearing in this matter, Mr. Herrera's grandmother, Carolyn Herrera, will testify that she has been assisting her grandson with his book-keeping for well over a year. Ms. Herrera is a retired accountant with experience in partnerships and corporations. She helped her grandson set up an LLC for his business interests as a musical artist, as well as helped prepare and file Mr. Herrera's 2019 tax return. Ms. Herrera helped set up the invoicing system for Mr. Herrera to use to bill and collect for his services, appearances, features, etc. She will testify that the source of the unlawfully seized funds is solely income from his work as a rap artist and sales from his merchandise, such as clothing, posters, stickers, hats.

apparent reason, but returned it days later.

## LAW AND ARGUMENT

Under the unique circumstances presented in this case, the continued possession of the seized property by the Government is improper and will cause substantial hardship and irreparable harm. Accordingly, Mario Herrera seeks immediate release of the seized property and for it to be returned.[4] Fed.R.Crim.P. 41(g) states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) is grounded in principles of equity. *Floyd v. United States,* 860 F.2d 999, 1002-03 (10th Cir. 1988). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party." *United States v. Popham,* 382 F. Supp. 2d 942, 955-56 (E.D. Mich. 2005). In order to prevail on a Rule 41(g) motion, a defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira* v. *United States,* 354 F. Supp. 2d 406, 409

---

[4] See Doctor's letter, dated April 23, 2016, attached hereto as Exhibit 8.

(S.D.N.Y. 2005).

The first two points would not seem to be at issue herein, in as much as the United States Currency and jewelry clearly belong to the Mr. Herrera and his wife. Further, neither the currency nor the jewelry is contraband. For the third point, Mr. Herrera contends that both the seizure was illegal, and the government does need to retain possession of the property as evidence. The government does not have any argument that the United States currency and miscellaneous jewelry seized has evidentiary value at Mr. Herrera's trial for the offense of being a felon in possession of a weapon. In this case, the government obviously will not bring the United States currency and jewelry seized in December 2020 into the courtroom for the purpose of proving that Mr. Herrera is guilty of possessing a firearm as a felon in November 2019. Thus, the government has no need of the property.

In a motion for return of property, as with any other equitable action, a court may fashion any appropriate relief that comports with traditional equitable principles, *United States v. Rodriguez,* 2011 U.S. Dist. LEXIS 133109, *10, 2011 WL 5854369 (W.D. Tex. Feb. 18, 2011). If a court grants the motion to return property, it may impose reasonable conditions to protect access to the property and its use in later proceedings. *In re Search Warrant Executed on March 22, 2016,* 2016 U.S. Dist. LEXIS 73026, *15 (S.D. Tex. May 20, 2016).

Rule 41(g) states that the Court must receive evidence on any factual issue

necessary to decide the motion. Ms. Herrera, the grandmother, will testify and give evidence as to how the money seized was lawfully obtained and has had a significant financial impact on Mr. Herrera. Mr. Herrera had diligently and responsibly saved his hard-earned money for over a year, only to have it unlawfully seized with no probable cause or explanation. Likewise, Mr. Herrera's jewelry was lawfully obtained, it too was illegally seized, he has a possessory interest in the jewelry, and he uses the jewelry as an artist as part of his persona and identity. Deputy Hunt was aware of this as he monitored Mr. Herrera's social media day and night for months prior to his arrest on these charges. Deputy Hunt had no lawful reason to seize any of Mr. Herrera's property.

## **CONCLUSION**

Because Mr. Herrera and his wife are entitled to lawful possession of the approximately $59,000 in United States currency and the miscellaneous jewelry; because the government has no legitimate need for this property any more as evidence; and because further possession by the government causes substantial hardship to Mr. Herrera, the property should be returned according to the procedures specified in Rule 41(g) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

*/s/Kent A. Schaffer*
KENT A. SCHAFFER
Federal ID No. 3603
TBA No. 17724300
kentschaffer@gmail.com
JAMES M. KENNEDY
Federal ID No. 30414
TBA No. 24008754
jameskennedy@schaffercarter.com
712 Main Street, Suite 2400
Houston, TX 77002
Telephone: (713) 228-8500
Facsimile: (713) 228-0034

Counsel for Defendant
MARIO HERRERA

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*s/ Kent A. Schaffer*
KENT A. SCHAFFER