IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Government, | § § | |
| v. | § | CRIMINAL ACTION NO. H-20-692 |
| MARIO HERRERA, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

A grand jury indicted Mario Herrera on one count of having a previous felony conviction—for possessing a small amount of marijuana—and possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docket Entry No. 1). Mr. Herrera has moved to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment to the U.S. Constitution, both facially and as applied. (Docket Entry No. 61). For the following reasons, the court denies the motion.

The Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), restated the standard under which courts must decide whether limits on an individual's right to bear arms are constitutional. *Bruen* rejected the approach of considering the purposes served by a particular limit—the "means-end" approach—and instructed lower courts to consider text and history as the determinative factors. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30. Justice Alito concurred, stating that the decision protected only the rights of "law-abiding residents." *Id.* at 2157 (Alito, J., concurring). Justice Kavanaugh also concurred, joined by the Chief Justice, quoting the *Heller* dicta that "[n]othing in

our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 2162 (Kavanaugh, J., concurring).

After *Bruen*, the Fifth Circuit found that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by persons subject to a domestic violence restraining order, was unconstitutional. *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 143 S. Ct. 2688 (2023). The basis of the restraining order was the defendant's alleged assault of his former girlfriend. *Id.* at 449. In *Rahimi*, the government argued that the defendant's conduct and the restraining order against him showed that he was not a "law-abiding" or "responsible citizen[.]" *Id.* at 451. The Fifth Circuit held that the Supreme Court's language did not encompass the kind of conduct that formed the basis for the restraining order; the defendant had not been convicted of a felony. *Id.* at 452. "Rahimi was not a convicted felon or otherwise subject to another 'longstanding prohibition[] on the possession of firearms' that would have excluded him." *Id.* The *Rahimi* court distinguished cases implicating § 922(g)(1), which required a predicate finding that the person in question had, at some point, not been "law-abiding." 18 U.S.C. § 922(g)(1) (prohibiting "any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition."). The *Rahimi* court acknowledged that the law it stated was likely not good public policy but found that the Second Amendment text and history trumped public safety concerns. *Rahimi*, 61 F.4th at .

*Bruen* has thrown well-established circuit authority into question. District courts in this circuit have reached conflicting results as to how to consider Second Amendment challenges to § 922(g)(1) after *Bruen*. *See, e.g.*, *United States v. Bullock*, —— F. Supp. 3d ——, No. 3:18-CR-165, 2023 WL 4232309, at *4 (S.D. Miss. June 28, 2023) (finding that *Bruen* "abrogated Fifth Circuit precedent" and concluding that § 922(g)(1) was unconstitutional as applied to the particular

defendant); *but see, e.g.*, *United States v. Locket*, No. 4:22-CR-072, 2023 WL 5153549 (S.D. Tex. Aug. 10, 2023) (finding that *Bruen* scrutiny was not triggered and denying the defendant's motion to dismiss because "convicted felons forfeit Second Amendment rights."). Other circuits have also reached conflicting results as to whether to use the *Bruen* test to consider Second Amendment challenges to § 922(g)(1). *See, e.g.*, *United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023) (holding that "recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons"); *but see, e.g.*, *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (Holding that "§ 922(g)(1) cannot constitutionally strip [a non-violent felony offender] of his Second Amendment rights" using an individualized analysis.)[1].

Although neither *Bruen* nor *Rahimi* have addressed the effect, if any, of the Supreme Court's Second Amendment jurisprudence on Mr. Herrera's claims, this court acknowledges that the Supreme Court's decision in *Rahimi* may alter the Fifth Circuit's law, especially as applied to a non-violent felony offender. Until then, this court follows existing Fifth Circuit precedent. That precedent requires the court to deny the motion to dismiss.

SIGNED on September 11, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] This court notes that a majority of other courts analyzing § 922(g)(1) as applied to non-violent felony drug offenders post-*Bruen* have held that the Second Amendment does not preclude enforcement of the statute. *See, e.g.*, *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); *United States v. Rice*, —— F. Supp. 3d ——, No. 3:22-CR-36, 2023 WL 2560836 (N.D. Ind. Mar. 17, 2023); *United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022).

3